## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **RYAN D. BURNETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | Case No:  **2:16-cv-00359-JAW** |
| **OCEAN PROPERTIES, LTD.** ) | |
| **and AMERIPORT, LLC,** ) | |
| ) | |
| **Defendants** ) | |

## PLAINTIFF'S PRETRIAL MEMORANDUM

Plaintiff Ryan D. Burnett submits the following pretrial memorandum in accordance with Local Rule 16.4(d).

## 1.     FACTUAL STATEMENT

On June 11, 2018, this Court entered an Order granting Defendants' Motion for Summary Judgment on most of the claims advanced in Plaintiff's First Amended Complaint, except for one failure to accommodate theory under the ADA and MHRA.  Mr. Burnett requested that Defendants make the heavy wooden doors leading into his place of employment more accessible and easier for him to hold open and pass through in a wheelchair.  The Court denied summary judgment on this claim and noted that a fact-finder could conclude that Mr. Burnett "made plain, direct requests for an accommodation, and while employees at AmeriPort looked into the situation, they did not respond to him and did not alter the doors until much later, after Mr. Burnett resigned."  Doc. 81 at p. 61.

The Court's Order on Summary Judgment raises multiple issues that Plaintiff intends to appeal, especially regarding the continuing violation doctrine and whether Mr. Burnett was

subjected to adverse action.  Under F.R. Civ. P. 46, Plaintiff's objections to the Court's Order on Summary Judgment need not be reiterated at this stage.  However, some related issues will give rise to motions *in limine* prior to trial.  For instance, the Court found that a previous request for accommodation concerning the heavy wooden doors was time barred, but this does not address whether evidence of Defendants' pattern of ignoring requests for accommodation are nonetheless admissible and relevant to establish a violation of the ADA.  Moreover, the egregious and reckless nature of an ADA violation must be viewed in full context, when the jury is able to assess a pattern of discriminatory practices by an employer.  *Maine Human Rights Commission v. City of Auburn*, 408 A.2d 1253, 1263 (Me. 1979) (quoting *Teamsters v. U.S.*, 431 U.S. 324, 337-40 (1977)).

At trial, Mr. Burnett will prove that he had to request multiple accommodations just to be able to enter the building where he worked.  The heavy wooden door request pertained to his second location of employment with Defendants, on the top floor of the Sable Oaks Golf Course clubhouse, located at 505 Country Club Drive in South Portland.  The entrance to this building existed long before Defendants renovated the second floor in 2013.  Plaintiff will introduce public permitting records from the City of South Portland regarding any construction or renovation to this building.  It is undisputed that Defendants never took steps to make these heavy wooden doors more accessible during the time that Mr. Burnett was employed.

The Court's Order on Summary Judgment also questions whether Mr. Burnett suffered an actual injury due to disability discrimination, even though he was a wheelchair bound employee who could not easily access his own place of employment.  The Court suggested that Mr. Burnett's damages were "vague," a mere "inconvenience," and "tenuous."  Doc. 81 at p. 65-66. Nonetheless, Mr. Burnett has plainly suffered an intentional violation of the ADA that entitles

him to compensatory damages.  He even suffered an injury to his wrist trying to navigate his wheelchair through these heavy doors, which the Court's Order on Summary Judgment minimized because it was not a "lasting injury."  *Id.*  However, permanent harm (whether emotional or physical) is not required to meet the low threshold of proving compensatory damages, and this question is within the distinct province of the jury to evaluate at trial.  *See Rooney v. Sprague Energy Corp.*, 581 F. Supp. 2d 94, 108 (D. Me. 2008).  *See also Kopenga v. Davric Main Corp.*, 1999 ME 65, ¶ 18, 727 A.2d 906.  At trial, Plaintiff will introduce ample evidence of intentional disability discrimination entitling Mr. Burnett to compensatory and/or punitive damages.[1]  Plaintiff will request the following from the jury and/or the Court if a violation of the ADA/MHRA is found:

> A.    Compensatory and punitive damages up to $500,000.00 under the Maine Human Rights Act and the ADA;

> B.    Reasonable attorney's fees and costs, which to date total approximately $60,000;

> C.    Pre-judgment interest;

> D.    Equitable relief ensuring that Defendants adopt and/or follow policies and procedures for complying with the ADA when employing people with disabilities.

## 2.    CONTROVERTED POINTS OF LAW

Plaintiff anticipates a number of evidentiary and legal issues to be brought by motions *in limine* prior to trial.  As noted above, one of these evidentiary issues relates to the admissibility of past instances where Mr. Burnett requested an accommodation that was not met, establishing an ongoing and reckless pattern of discrimination.

---

[1] *See Quint v. A.E. Stanley Mfg. Co.*, 172 F.3d 1, 14 (1st Cir. 1999) ("An ADA plaintiff may recover punitive damages provided she establishes, *inter alia,* that the defendant engaged in a discriminatory practice "with *reckless indifference* to the [plaintiff's] *federally protected rights.*").

Plaintiff will also seek to have the Court exclude any evidence of Mr. Burnett's attendance record, now that discipline related to attendance is not relevant to the case, because the Court found it did not constitute adverse action. Allowing Defendants to make an issue out of Mr. Burnett's attendance when it is not relevant to any fact before the jury would be highly prejudicial under Rule 403. Moreover, any argument by Defendants that Plaintiff is not a qualified individual with a disability is moot now that the attendance aspect of Plaintiff's claim has been eliminated. Under these circumstances, it does not matter if attendance is an essential function of the job, because the only claim left for the jury is an accommodation related to the heavy wooden doors.

Plaintiff will also move *in limine* to preclude Defendants from introducing any evidence whatsoever that it complied with the requirements of the ADA with regard to the heavy wooden door request for accommodation. There is no dispute that Mr. Burnett asked for this accommodation, long before and also within the limitations period found by the Court on Summary Judgment. Defendants neither responded to Mr. Burnett about his request(s) nor engaged in any interactive process with him on this topic. The only remaining element of proof, therefore, is whether Mr. Burnett can show that the accommodation he requested (push button doors) seemed "reasonable on its face," "feasible" in the run of cases, or a "plausible accommodation." *U.S. Airways, Inc. v. Barnett,* 535 U.S. 391, 401-02 (2002). *See also Reed v. LePage Bakeries*, 244 F.3d 254, 259 (1st Cir. 2001); *Freadman v. Met. Prop. And Cas. Ins. Co.,* 484 F.3d 91, 103 (1st Cir. 2007). That burden is easily met when it comes to a hotel company that has presumably installed myriad automatic doors in resorts all across the country.

Moreover, the accommodation Mr. Burnett requested was feasible because Defendants implemented it after he left employment. The burden then shifts to Defendants to prove that it

would have been an undue hardship to install the automatic doors. *Barnett*, 535 U.S. at 402. Defendants took no steps whatsoever to address Plaintiff's request for accommodation or assess the level of hardship involved—or at least its discovery responses suggested as much. Therefore, Defendants cannot meet the burden to prove an undue hardship. To the extent that Defendants attempt to introduce evidence to the contrary, Plaintiff will move *in limine* to exclude it because Defendants' repeated refrain in discovery was that no such documents or evidence existed.

3.   **PROPOSED STIPULATIONS**

    A.   That Plaintiff is a T-9 paraplegic, confined to a wheelchair, and that his condition is considered a disability under the ADA.

    B.   That Defendants collectively employed more than 500 people throughout Plaintiff's employment.

    C.   The use of copies in lieu of originals.

    D.   The authenticity and admissibility of the City of South Portland's public documents related to the construction or renovation of the Sable Oaks Golf Course clubhouse.

    E.   The authenticity and admissibility of relevant documents to be used at trial.

4.   **LIST OF PLAINTIFF'S POTENTIAL WITNESSES**

    A.   Ryan D. Burnett

    B.   Employees of OPL and/or AmeriPort, LLC, including:

        Joyce Dawson
        Lori Darsaoui
        Tom Varley
        Ed (last name unknown)
        Mark Mooney
        Cedric Rothkegel

Nick Robertshaw

C.    To the extent that Defendants will not assent to stipulation 3.D above, a
record keeper with the City of South Portland, or Code Enforcement
Officer, to authenticate permitting and construction/renovation records
related to the Sable Oaks Golf Course clubhouse.

Plaintiff reserves the right to supplement or amend his witness list upon reasonable notice

to Defendants and the Court.

**5.     LIST OF PLAINTIFF'S POTENTIAL EXHIBITS**

A.    Plaintiff's personnel file;

B.    Deposition exhibits;

C.    Defendants' Employee Handbook;

D.    Emails related to Plaintiff's request for an accommodation;

E.    City of South Portland public records related to construction and/or

renovation of the Sable Oaks Country Club at 505 Country Club Drive.

F.    Any other documents produced in discovery or offered by Defendants.

Plaintiff reserves the right to supplement or amend his exhibit list upon reasonable notice

to Defendant and the Court.

Dated:  July 5, 2018

/s/ Laura White_____
Laura White, Bar #: 4025
*Attorney for Plaintiff Ryan D. Burnett*
BERGEN & PARKINSON LLC
62 Portland Road, Suite 25
Kennebunk, ME 04043
(207) 985-7000
*lwhite@bergenparkinson.com*

## CERTIFICATE OF SERVICE

I certify that on this 5th day of July, 2018, I electronically filed Plaintiff's Pretrial Memorandum with the Court's CM/ECF system, which automatically sends notification to all counsel of record.


*/s/ Laura White*_____
Laura White, Bar #: 4025
*Attorney for Plaintiff Ryan D. Burnett*
BERGEN & PARKINSON LLC
62 Portland Road, Suite 25
Kennebunk, ME 04043
(207) 985-7000
*lwhite@bergenparkinson.com*