UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RYAN D. BURNETT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| OCEAN PROPERTIES, LTD. and AMERIPORT, LLC, | ) | |
| Defendant. | ) | |

# ORDER ON MOTION IN LIMINE TO EXCLUDE EVIDENCE OF MONETARY DAMAGES

With a jury selected and trial looming in this Americans with Disabilities Act (ADA) lawsuit, Ocean Properties Ltd. and Ameriport, LLC (Ocean Properties) have moved in limine to prohibit Ryan Burnett from introducing any evidence regarding any damages other than injunctive relief, arguing that such evidence is not relevant and is inadmissible under Federal Rule of Evidence 402.

## I. THE PARTIES' POSITIONS

### A. Defendants' Motion

Ocean Properties seeks to preclude Ryan Burnett from offering any evidence or argument before the jury that Ocean Properties is liable for damages other than injunctive relief, because in its view, Mr. Burnett failed to exhaust administrative remedies on this issue. *Defs.' Mot. in Limine to Exclude Evidence and/or an Award of Damages or Relief Other than Injunctive Relief* at 2 (ECF No. 106) (*Defs.' Mot.*).

According to Ocean Properties, evidence regarding damages other than injunctive relief is not relevant, and should be excluded under Federal Rule of Evidence 402.

The remaining claim relates to Ocean Properties' alleged failure to accommodate Mr. Burnett's August 28, 2014 request for automatic or "push-button" access to his workplace at the golf club location. Ocean Properties argues that Mr. Burnett "never raised this discrete act in the charge of discrimination he filed on June 29, 2015, and thus he is precluded from recovering anything other than injunctive relief on his claim." *Id.* Ocean Properties asserts that this Court determined in its order on the Defendant's motion for summary judgment that the Plaintiff's second request related to the doors was not time-barred because:

> The failure to respond to the second request is an independent discrete act which occurred within the 300-day window because there is no evidence that Mr. Burnett knew or reasonably should have known that AmeriPort was unlikely to grant the request within the five days that elapsed between the date of his second request and the start of the 300-day window.

*Defs.' Mot* at 3 (citing *Order on Defs.' Mot. for Summ. J.* at 64) (ECF No. 81) (*Summ. J. Order*)). Ocean Properties contends that Mr. Burnett did not specifically address his August 28, 2014 request in his EEOC Charge of Discrimination. *Defs.' Mot.* at 4. According to Ocean Properties, because the act was not time-barred, and not subsequently mentioned in his EEOC charge, Mr. Burnett failed to exhaust his administrative remedies, and may not recover damages other than injunctive relief. *Id.* at 5.

B. **Ryan Burnett's Response**

Mr. Burnett opposes the motion, and contests Ocean Properties' assertion that he did not raise the wooden door issue with adequate specificity in his EEOC Charge of Discrimination. *Pl.'s Resp. in Opp'n to Mot. in Limine to Exclude Evidence and/or an Award of Damages or Relief Other than Injunctive Relief* at 1 (ECF No. 117) (*Pl.'s Resp.*). He points to the Court's denial of Ocean Properties' motion to dismiss on failure to exhaust administrative remedies. *Id.* (citing *Order Dismissing Mot. to Dismiss for Lack of Jurisdiction (*ECF No. 37) (*Mot. to Dismiss Order*). Mr. Burnett also states that the Court specifically found in its order on the Defendant's motion for summary judgment that "Mr. Burnett discussed the heavy wooden doors in his Charge on June 29, 2015." *Id.* (citing *Summ. J. Order* at 64).

## II. DISCUSSION

The parties each contend that the Court already decided in their favor as to whether Mr. Burnett failed to exhaust administrative remedies with regard to the issue of the wooden door. The Court disagrees. The parties misconstrue the Court's previous orders on Ocean Properties' motions to dismiss and for summary judgment.

In its motion to dismiss, Ocean Properties asserted that Mr. Burnett's claims should be dismissed because he failed to name Ocean Properties in his EEOC Charge and because he failed to file a civil complaint against AmeriPort within ninety days of receiving a notice of right to sue letter. *Mot. to Dismiss Order* at 15. The Court rejected these bases for dismissal, but this part of the Court's order had nothing to do with the exhaustion of remedies issue that forms the basis of Ocean Properties' motion in limine.

3

In its motion to dismiss, Ocean Properties also moved to strike a number of allegations in Mr. Burnett's Amended Complaint on the ground that they fell outside the scope of his EEOC Charge. *Mot. to Dismiss* at 11-14. Specifically, Ocean Properties sought to strike "paragraphs 19 through 40 and 66 to 67 of the Complaint" because in Ocean Properties' view, these allegations "constitute separate acts of alleged discrimination that were not timely alleged with the MHRC prior to bringing this suit." *Id.* at 14. But Mr. Burnett's allegations about the wooden doors at the golf club office are found in paragraphs 56 through 60 of the Amended Complaint and therefore were not the subject of either Ocean Properties' motion to dismiss or the Court's order on the motion to dismiss. *Am. Compl.* ¶¶ 56-60 (ECF No. 7).

Nor did the Court decide the issue in its order on Ocean Properties' motion for summary judgment. Based on the record before it, the Court determined Mr. Burnett's second complaint to be "an independent discrete act which occurred within the 300-day window" that was not time-barred, but it did not determine whether he failed to exhaust his administrative remedies on that issue. *Summ. J. Order* at 64. Ocean Properties did not move for summary judgment on that basis. *See Defs.' Mem. of Law in Support of Mot. for Summ. J.* at 1-20 (ECF No. 68). In any event, when ruling on a motion for summary judgment, the Court does not act as a fact-finder and therefore, it did not find as a fact that Mr. Burnett did or did not raise the wooden door issue during his EEOC complaint, only that the record that the parties presented would allow that conclusion. *Id.*

### III. CONCLUSION

The Court DENIES Defendants' Motion in Limine to Exclude Evidence and/or Award of Damages or Relief Other than Injunctive Relief (ECF No. 106).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2018