UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION *IN LIMINE* TO EXCLUDE DISMISSED CLAIMS**

Ocean Properties Ltd. and AmeriPort, LLC (Ocean Properties) seek to narrow the evidence admissible at its upcoming trial in this Americans with Disabilities Act lawsuit, and have moved to prohibit Ryan Burnett from introducing evidence or mentioning at trial any claims dismissed or resolved at the summary judgment stage. Specifically, Ocean Properties seeks to exclude (1) information regarding Mr. Burnett's claim that Ocean Properties violated Title III of the ADA; (2) information regarding Mr. Burnett's claims that Ocean Properties discriminated against him or failed to accommodate his requests other than his request for push-button access to the front door; and (3), information regarding Mr. Burnett's claims that Ocean Properties retaliated against him. Mr. Burnett argues that the Defendants' past failures to accommodate may be probative evidence of their failure to accommodate in this case. The Court determines that even though the evidence of past failures

could be relevant, it is unable to perform the Rule 403 balancing analysis without more specificity as to what evidence Mr. Burnett is seeking to admit.

I.     **POSITIONS OF THE PARTIES**

   A.    **Ocean Properties' Position**

Ocean Properties argues that "testimony or evidence relating to dismissed claims and excluded evidence cannot make any fact of consequence more or less probable" and "would therefore be inadmissible as irrelevant." *Defs.' Mot. in Limine Regarding Dismissed Claims* at 1 (ECF No. 107). In support, Ocean Properties states that "[c]ourts regularly exclude such evidence as irrelevant", citing several District Court cases in other states. Ocean Properties further argues that even if the evidence is relevant, it should be excluded as inadmissible under Federal Rule of Evidence 403 as it "would cause unfair prejudice against Defendants, confuse the issues, mislead the jury, create undue delay, and waste time." *Id.* at 2.

   B.    **Ryan Burnett's Response**

Mr. Burnett agrees in part and objects in part. *Pl.'s Resp. To Defs.' Mot. in Limine Regarding Dismissed Claims* (ECF No. 115). He states that he has already "abandoned the Count alleging a violation of Title III and did not include it in his First Amended Complaint", and agrees that evidence in this category "need not be considered by the Court." *Id.* at 1. Similarly, Mr. Burnett agrees that the third category of evidence sought to be excluded by the Defendants—evidence of retaliation by Ocean Properties—should not be presented to the jury because the claim has been dismissed. *Id.* at 2.

Mr. Burnett contests the Defendants' argument that the second category of evidence – "information regarding Plaintiff's claims that Defendants discriminated against Plaintiff or failed to accommodate his requests other than his request for push-button access to the door" – should be excluded. *Id.* Mr. Burnett notes that Ocean Properties offered no First Circuit support for its contention that dismissed claims are regularly excluded by the Court under Federal Rules of Evidence 402 or 403. Mr. Burnett cites *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101 (2002) in support of his counter-assertion that earlier instances of failure to accommodate are not barred under 42 U.S.C. § 2000e–5(e)(1) when the employee is "using the prior acts as background evidence in support of a timely claim." *Id.* at 109. Mr. Burnett also contends that "background evidence" of conduct before the 300-day limitations period is relevant here, "where a jury could infer that Defendants engaged in more than one instance of failure to accommodate Mr. Burnett's disability over the years." *Id.* at 3 (citing *Crowley v. L.L. Bean Inc.*, 303 F.3d 387, 395 (1st Cir. 2002)). He further argues that any concern of such evidence confusing the jury under Federal Rule of Evidence 403 can be mitigated by a clarifying jury instruction. *Id.*

## II. DISCUSSION

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." FED. R. EVID. 401. Under Federal Rule of Evidence 403, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

3

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Mr. Burnett's first argument that the evidence is relevant under the continuing violation doctrine outlined in *National Railroad Passenger Corporation v. Morgan* fails. Although Congress "engrafted onto the ADA the full panoply of procedures described in section 2000e of Title VII, and decreed that those enumerated procedures shall be applicable to proceedings under Title I of the ADA", *Bonilla v. Muebles J.J. Alvarez, Inc.*, 194 F.3d 275, 278 (1st Cir. 1999), the continuing violation doctrine applicable in the Title VII cases Mr. Burnett cited does not apply to this case. In *Tobin v. Liberty Mut. Ins. Co.*, 553 F.3d 121 (1st Cir. 2009), the First Circuit explained that in contrast to a hostile work environment claim, "which is composed of a series of separate acts that collectively constitute one unlawful employment practice . . . the denial of a disabled employee's request for accommodation starts the clock running on the day it occurs . . . . Consequently, the continuing violation doctrine does not apply. " *Id.* at 131.

However, even in the absence of the continuing violation doctrine, evidence of the Defendants' past failures to accommodate Mr. Burnett's disability are relevant to whether the Defendants failed to accommodate Mr. Burnett in his request for a push-button door. Rule 401 defines evidence as relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action." Evidence of the Defendants' past failures to accommodate has a tendency to make it more probable that the Defendant failed to

4

accommodate in this instance, and it is therefore, relevant evidence. In addition, evidence concerning past failures to accommodate provides context for the Plaintiff's claim.

Ocean Properties argues, in the alternative, that even if the evidence is relevant, it would cause unfair prejudice against the Defendants and should be excluded under Rule 403. The Defendants point to cases in which courts have excluded evidence of claims dismissed at the summary judgment stage, including *Hannah v. Wal-Mart Stores, Inc.*, 3:12-cv-01361 (VAB), 2017 WL 690179 (D. Conn. Feb. 21, 2017); *Artunduaga v. University of Chicago Medical Center*, No. 12 C 8733, 2016 WL 7157352 (N.D. Ill. Dec. 8, 2016); and *System Development Integration, LLC v. Computer Sciences Corp.*, No. 09–CV–4008, 2012 WL 3204994 (N.D. Ill. Aug. 3, 2012). None of these cases, however, excluded evidence of claims dismissed at the summary judgment stage under Rule 403.

On the contrary, the court in *Hannah* concluded that "at this early stage, the Court cannot definitively conclude that all such references would be irrelevant, or that their probative value would be substantially outweighed by the concerns described in Rule 403." 2017 WL 690179, at *3. The *Hannah* Court made this determination even though "Plaintiffs' opposition brief makes it clear that Plaintiffs' counsel intends to re-introduce Ms. Hannah's retaliatory termination claim to the jury, even though this claim has previously been dismissed." *Id.* There is nothing to suggest that the Plaintiffs seek to reintroduce a previously dismissed claim here.

Nor does *Artunduaga* support the Defendants' contention. The court in *Artunduaga* excluded evidence of a Whistleblowers' Protection Act claim that had been included in a motion to amend the pleadings, which was denied, holding that the evidence was not relevant to the discrimination claims remaining in the lawsuit, and that its probative value was outweighed by "a danger of prejudice of juror confusion." 2016 WL 7157352, at *4.

*System Development Integration* is similarly unhelpful. In that case, the court excludes a category of evidence by agreement of the parties. 2012 WL 3204994, at *3. The other narrow category of testimony excluded was a factual contention that the court had determined was not supported by the evidence in the summary judgment record. *Id.* The court excluded the argument to prevent the party from "circumvent[ing] this Court's ruling and the facts of this case." *Id.*

Though relevant, the Court remains concerned about the prospect of a trial within a trial based on evidence of past alleged failures to accommodate. The motion in limine and response do not describe in any concrete terms what evidence Mr. Burnett proposes to introduce and whether Ocean Properties admits or contests that evidence. The Court therefore withholds judgment as to prior failure evidence until it knows what that evidence is. Furthermore, the evidence may well become admissible for impeachment purposes if the Defendants open the door. For the moment, the Court will not allow Plaintiff's counsel to refer to the prior failures during the opening statement and will require Plaintiff's counsel to approach the bench before attempting to introduce such evidence.

## III.   CONCLUSION

The Court DISMISSES without prejudice Defendants' Motion in Limine Regarding Dismissed Claims (ECF No. 107).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2018