UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON MOTION IN LIMINE REGARDING THE PARTIES' ECONOMIC STANDING**

In this Americans with Disabilities Act (ADA) lawsuit, Ocean Properties Ltd. and Ameriport, LLC (Ocean Properties) move in limine to prohibit Ryan Burnett from introducing at trial, or otherwise mentioning in the presence of the jury, evidence or information regarding the wealth or size of a party or contrasting the relative economic standing of the parties. The Court will allow the Plaintiffs to present evidence of the number of employees working at the Defendants, but it is unclear about what forum the parties prefer to resolve this mixed question of law and fact. Regarding evidence of the wealth of the Defendants, the Court intends to bifurcate the questions of liability and compensatory damages and the question of punitive damages. Evidence of wealth is not admissible during the first phase, and the Court will later address whether evidence of wealth is admissible during the punitive damages phase upon further briefing from counsel.

**I.    THE POSITIONS OF THE PARTIES**

### A. Ocean Properties' Motion

Ocean Properties argues that "the relative wealth or sizes of the parties are not relevant or admissible because the information does not tend to prove or disprove any material fact in dispute in this case." *Defs.' Mot. in Limine Regarding the Parties' Economic Standing* at 2 (ECF No. 108) (*Defs.' Mot*). It contends that even if relevant, such evidence should be excluded under Federal Rule of Evidence 403, because its probative value is "outweighed by the danger of prejudice, confusion of the issues, misleading the jury, or by consideration of undue delay, waste of time, of needless presentation of cumulative evidence." *Id.* Finally, Ocean Properties contends that any argument that Mr. Burnett makes regarding the relevance of financial condition to punitive damages should be rejected "because Plaintiff's claims for punitive damages are barred as set forth in Defendants' contemporaneously-filed motion in limine." *Id.* at 3.

### B. Ryan Burnett's Response

Mr. Burnett opposes the motion, noting first that the motion "ignores the fact that this case falls under the Maine Human Rights Act and the Americans with Disabilities Act, both of which contain specific damages caps related to the size of a company" (citing 5 M.R.S. § 4613(2)(B)(8)(e)(iv) ($500,000 for employers with more than 500 employees); 43 U.S.C. § 1981a(b)(3)(D) ($300,000 for employers with more than 500 employees). *Pl.'s Resp. to Defs.' Motion in Limine Regarding the Parties' Economic Standing* at 1 (ECF No. 116) (*Pl.'s Opp'n*). Mr. Burnett also contends that punitive damages are allowed under both the MHRA and the ADA "if the complaining

2

party demonstrates that the respondent engaged in a discriminatory practice . . . with malice or reckless indifference to the rights of an aggrieved individual protected by this Act." *Id*. (citing 5 M.R.S. § 4613(2)(B)(8)(c); *see also* 42 U.S.C. § 1981a(b)(1)).

Mr. Burnett goes on to argue that "the size of the company. . . is essential to establish the applicable cap [in an employment case], even though that information is not passed on to the jury", as a proxy for ability to pay. *Id*. Mr. Burnett clarifies that he "does not intend to make any arguments to the jury about the relative economic standing of the parties, but instead intends to establish the large size of the company," which he contends is relevant not only to the damages cap, but also to whether the company had knowledge of federal law, an element of punitive damages. *Id*.

## II. DISCUSSION

### A. Number of Employees

Evidence of the number of employees of the Defendants is critical to establishing the applicable statutory cap. Typically, whether a defendant fits within one of the statutory caps is not presented to the jury but separately to the judge to impose the statutory limitations on damages. It is also often stipulated to by the parties, since there is usually no reason to disagree about a seemingly simple numerical question of fact.

Here, however, there seems to be a disagreement as to how to count the employees and the number of employees attributable to each Defendant. In light of this disagreement, there are at least a couple of alternatives. The parties may wish

3

to sever the employment numbers issue and present it separately to the Court after the verdict. This approach makes sense if numbers are not in controversy and the focus is on the legal significance of the numbers. Furthermore, if the jury were to issue a verdict of less than the statutory caps, there would be no need to resolve the numbers question. Finally, the Court could resolve the cap issue in the fullness of time after trial with guidance from counsel.

Another possibility is to present the numbers question to the jury. If the parties elect to proceed in this fashion (which the Court assumes is their right), the Court will require proposed jury instructions from the parties to make certain that the jury is able to understand what it is being asked to do. In addition, upon request, the Court will instruct the jury that it must not consider the number of the Defendants' employees in arriving at its verdict on either liability or compensatory damages.

### B.   Wealth of the Parties

The Defendants also argue that evidence of the relative wealth of the parties should be excluded, in part because Mr. Burnett's claims for punitive damages are "barred as set forth in Defendants' contemporaneously-filed motion in limine." *Defs.' Mot.* at 1-3. However, the Court denied its motion to exclude evidence of damages other than injunctive relief. *Order on Mot. in Limine to Exclude Evid. of Monetary Damages* (ECF No. 132).

The Defendants' remaining contention is that evidence of the relative wealth of the parties is unfairly prejudicial. Although Mr. Burnett states that "he does not

4

intend to make any arguments to the jury about the *relative* economic standing of the parties", he emphasizes that he "intends to establish the large size of the company." *Pl.'s Opp'n* at 2 (emphasis in original). Mr. Burnett maintains that the size of the company also goes to the "Plaintiff's ability to prove punitive damages." *Id.*

The federal and state statutes applicable to Mr. Burnett's claims expressly allow for the imposition of punitive damages, if he proves intentional, malicious or recklessly indifferent employment discrimination. 42 U.S.C. § 1981a(b)(1) ("A complaining party may recover punitive damages under this section against a respondent . . . if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual"); 5 M.R.S. § 4613(2)(B)(8)(e) ("The remedies may include, but are not limited to . . . [i]n cases of intentional employment discrimination with respondents who have more than 14 employees, compensatory and punitive damages").

If the jury concludes that Ocean Properties intentionally discriminated against Mr. Burnett because of his disability, the First Circuit commented that this would be "just the sort of conduct that punitive damages are aimed to deter." *Che v. Mass. Bay Transp. Auth.,* 342 F.3d 31, 41 (1st Cir. 2003) (citations omitted). Similarly under Maine law, if the jury concludes that Ocean Properties intentionally discriminated against Mr. Burnett, a jury may award punitive damages, although subject to the

clear and convincing standard of proof. *Batchelder v. Realty Res. Hospitality, LLC*, 2017 ME 17, ¶ 22, 914 A.2d 1116.

The Court reserves the question of whether, if the punitive damages phase of trial is reached, Mr. Burnett should be allowed to admit evidence of the Defendants' wealth. Guidance from the United States Supreme Court has been vague. In *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), the Court wrote that "[t]he wealth of a defendant cannot justify an otherwise unconstitutional punitive damages award." *Id.* at 427. However, the *Campbell* Court quoted Justice Breyer's concurrence in *BMW of North America v. Gore*, 517 U.S. 559 (1996) as stating that "[Wealth] provides an open-ended basis for inflating awards when the defendant is wealthy . . . . That does not make its use unlawful or inappropriate; it simply means that this factor cannot make up for the failure of other factors, such as 'reprehensibility,' to constrain significantly an award that purports to punish a defendant's conduct." *Campbell*, 538 U.S. at 427-28 (quoting *BMW*, 517 U.S. at 591). Yet, in his persuasive pattern jury instructions, Judge Hornby has written:

> We have not listed the defendant's wealth as a factor. Although the Supreme Court has never actually prohibited consideration of wealth, there are expressions of concern.

*Judge Hornby's Draft of Pattern Jury Instructions for Cases of Employment Discrimination* § 10.1, n.17 (updated 3/1/10).

The Court is inclined to bifurcate the questions of liability and compensatory damages and the question of punitive damages. Although the Court is aware of no

basis to allow evidence of the Defendants' wealth during the first phase, the Court is not ready to answer whether evidence of the Defendants' wealth should be admitted during the second. The Court looks to counsel for further assistance in answering this question, including whether evidence of wealth should be admitted at all during the punitive damages phase (if reached), the nature of appropriate evidence of wealth, any limitations on that evidence, and any jury instructions concerning how a jury should consider this evidence if admitted.

## III. CONCLUSION

The Court DISMISSES Defendants' Motion in Limine Regarding the Parties' Economic Standing (ECF No. 108).

SO ORDERED.

 /s/ John A. Woodcock, Jr.  
JOHN A. WOODCOCK, JR.  
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2018