| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ALLEGED AFFILIATIONS OR INDIVIDUALS

Ocean Properties Ltd. and AmeriPort, LLC (Ocean Properties) have moved to prevent Ryan Burnett from introducing evidence or information "regarding individuals or entities allegedly affiliated with the Defendants" pursuant to Federal Rules of Evidence 402 and 403.

## I. POSITIONS OF THE PARTIES

### A. Defendants' Motion

In support of its motion, Ocean Properties argues that "evidence regarding other individuals or companies, such as hotels allegedly affiliated with Defendant or for whom AmeriPort, LLC makes reservations, is completely irrelevant. . . and [has] no bearing on the Plaintiff's claim that Defendants failed to accommodate his request for push button access to the door." *Defs.' Mot. in Limine to Exclude Evidence of Alleged Affiliated Entities or Individuals* at 2 (ECF No. 109) (*Defs.' Mot*). Ocean Properties also argues that Mr. Burnett's intent in "introducing comments and

evidence regarding hotels allegedly affiliated with Defendants . . . is to . . . implicitly refer to the size and the wealth of Defendants," and "any such references would be unfairly prejudicial under FED. R. EVID. 403." *Id.* at 2. In support, Ocean Properties cites *Jay Cashman, Inc. v. Portland Pipe Line, Inc.*, 573 F. Supp. 2d 335 (D. Me 2008) (granting defendant's motion in limine as to "upstream ownership" by large oil companies as irrelevant and unfairly prejudicial). Ryan Burnett opposed the motion. *Pl.'s Resp. in Opp. to Mot. In Limine to Exclude Evidence of Alleged Affiliated Entities or Individuals* (ECF No. 119) (*Pl.'s Opp'n*).

### B. Ryan Burnett's Response

Ryan Burnett responds by stating that "it is not unfairly prejudicial to tell the jury the truth about the nature of Defendants' business . . . 'that it is one of the largest privately held hotel management and development companies in North America.'" *Id.* at 1 (quoting *Additional Attach. Ade Dep.*, Ex. 1 at 1 (ECF No. 120)). He further argues that, as discussed in his opposition to the Defendants' motion in limine regarding the parties' economic standing (ECF No. 116), the corporate size and structure of the Defendants' organization are highly relevant given the damages caps in the statutes applicable to this case. *Id.* at 2.

Mr. Burnett also contends that information on corporate structure is essential to questions of punitive damages, because "without such information, a jury could be misled into thinking AmeriPort has a small number of employees and no human resources department", which could excuse lack of knowledge of the ADA such that a punitive damages award may not be appropriate. *Id.* Finally, Mr. Burnett avers that

whether Ocean Properties Ltd. and AmeriPort are an integrated enterprise or separate entities is a question for the jury, as it was not determined on summary judgment. *Id.* at 3.

## II.  DISCUSSION

To begin at the most basic, the ADA and the MHRA prohibit discrimination by employers against employees.[1]  Although it is unusual, the Defendants have not conceded that they are actually Mr. Burnett's employer under either statute and they have denied that their enterprise is integrated.  In fact, the Defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) on September 6, 2016, alleging that Ocean Properties "is not a proper party to this litigation." *Defs.' Mot. to Dismiss for Failure to State a Claim* (ECF No. 5.) (*Defs.' Mot. to Dismiss*).  The Defendants further stated:

> Plaintiff conclusorily alleges – without any supporting facts whatsoever – that AmeriPort was an 'integrated enterprise' with OPL, and that OPL 'owned and operated' the hotel in which he worked. [Compl. ¶¶ 5, 7]. Plaintiff fails to offer any explanation as to why OPL should be treated as an integrated enterprise with AmeriPort or otherwise held liable as the 'parent' for AmeriPort's alleged conduct.

*Id.* at 1.  The Court is unaware that this fundamental question has ever been resolved by the parties and therefore it is Mr. Burnett's burden to establish that the Defendants are his employers and subject to the operative statutes.  On this issue, the Defendants cannot have it both ways.  They cannot deny that they are his

---

[1]      The ADA prohibits discrimination by a "covered entity" against "employees."  42 U.S.C. § 12112(a).  An "employer" is a "covered entity."  42 U.S.C. § 12111(2).  The MHRA prohibits "any employer" from discriminating against an employee.  5 M.R.S. § 4572(1)(A).

employers and put Mr. Burnett to his burden of proof on this issue, and then protest that he is seeking to admit evidence that would establish what they have denied.

A more compelling argument offered by the Defendants is that, though relevant, such evidence would be unfairly prejudicial.[2] Rule 403 states that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403. Mr. Burnett argues that evidence of Ocean Properties' affiliations is "not unfairly prejudicial if it is true." *Pl.'s Opp'n* at 2. Even if a fact is true, it may still be unfairly prejudicial or otherwise inadmissible under Rule 403(b). "'Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (internal quotations omitted) (citing Advisory Committee's Notes on FED. RULE EVID. 403, 28 U.S.C. App., p. 860).

Whether evidence of Ocean Properties' alleged affiliations is unfairly prejudicial echoes the issue raised in the Defendant's motion to exclude evidence of its organization's wealth and size. In both instances, such evidence is unfairly prejudicial, and therefore inadmissible, when it is being offered only to appeal to the

---

[2]      The Defendants' own recent statements have weakened its position that Tom Walsh and Ocean Properties have no association with AmeriPort, LLC. Mr. Burnett notes that the Portland Press Herald, in an October 8, 2018 article regarding the recent death of Mr. Walsh, wrote that he "founded Ocean Properties." *Id.* at 1. Mr. Burnett argues that this report "calls into question the veracity of representations made by Defendants that OPL is a small entity with only 6 employees and no connection with the hotels it owns and operates." *Id.* The Defendants' position in this issue is undercut by multiple statements regarding the close relationship between the Defendants and Mr. Walsh in their October 16, 2018 motion to continue trial. *Defendants' Mot. to Continue Trial Date* (ECF No. 124).

jury's economic bias, but information regarding a defendant's wealth or size is not inherently "unlawful or inappropriate." *Rooney v. Sprague Energy Corp.,* 519 F. Supp. 2d 110, 130 (D. Me. 2007) (citing *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427–28, (2003)).

The Court is unaware exactly what evidence is contested here. In general, the Court views evidence of the Defendants' status as Mr. Burnett's employers, including their place in the corporate chart, as proper evidence to the extent it establishes an employer relationship with Mr. Burnett. There are, however, outer limits of such evidence, which the Court will monitor to make certain that Mr. Burnett is not appealing to the juror's presumed prejudice against large, complicated corporations.

## III. CONCLUSION

The Court DENIES Defendants' Motion in Limine to Exclude Evidence of Alleged Affiliated Entities or Individuals (ECF No. 109).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2018