UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION IN LIMINE REGARDING ALLEGED PHYSICAL INJURY**

Ocean Properties Ltd. and AmeriPort LLC (Ocean Properties) moves the Court in limine to exclude evidence of the physical injury Ryan Burnett alleges he sustained while opening the door that is the subject of his failure to accommodate claim under the Americans with Disabilities Act.

**I. POSITIONS OF THE PARTIES**

  **A. Defendants' Motion**

In support of its motion, Ocean Properties argues that evidence of Mr. Burnett's alleged injury should be excluded as irrelevant under Federal Rule of Evidence 402 "because Plaintiff's exclusive remedy for any alleged workplace injury is the Workers' Compensation Act and because the ADA does not permit recovery for personal injuries." *Defs.' Mot. in Limine Regarding Alleged Physical Injury* at 2 (ECF No. 110) (*Defs.' Mot*) (citing *Aponik v. Verizon Pennsylvania Inc.*, 106 F. Supp. 3d 619, 625) (E.D. Pa. 2015)). Ocean Properties cites *Cole v. Chandler*, 752 A.2d 1189 (Me.

1

2000) as support for its contention that Mr. Burnett's injuries arise out of and in the course of employment, barring recovery under the exclusivity provision of the Workers' Compensation Act. *Id*. at 2.

### B. Ryan Burnett's Response

In response, Mr. Burnett states that he "agrees that he did not suffer a work-related injury that would be compensable under the Maine Worker's Compensation Act", which is "why he never reported a worker's compensation injury, never filed a workers' compensation claim, and never saw a doctor." *Resp. in Opp. to Mot. in Limine Regarding Alleged Physical Injury* at 1 (ECF No. 118) (*Pl.'s Opp'n*). He argues, however, that "the workers' compensation exclusivity provisions have nothing to do with the probative value of evidence showing that Mr. Burnett hurt his wrist trying to wheel himself through the heavy wooden doors that Defendants failed to fix," which is "most certainly probative of a critical issue in this case—whether it was reasonable for him to request an accommodation to make the doors easier to access." *Id*. at 2.

## II. DISCUSSION

The Defendants' argument that evidence of Mr. Burnett's alleged injury is irrelevant because of the exclusivity provision of the Workers' Compensation Act fails, because Mr. Burnett does not seek to introduce evidence of his injury to recover for that injury. He agrees that such recovery is precluded under the Maine Workers' Compensation Act. Evidence that Mr. Burnett sustained an injury while attempting to open the doors that are the subject of his failure to accommodate claim is relevant

2

to whether his request for an accommodation was reasonable and may be introduced for such a purpose.

## III. CONCLUSION

The Court DENIES Defendants' Motion in Limine Regarding Alleged Physical Injury (ECF No. 110).

SO ORDERED.

                                        /s/ John A. Woodcock, Jr.
                                        JOHN A. WOODCOCK, JR.
                                        UNITED STATES DISTRICT JUDGE

Dated this 23rd day of October, 2018