# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S TRIAL BRIEF

Plaintiff Ryan D. Burnett submits the following Trial Brief in accordance with the Court's Final Pretrial Order in this case.

At trial, Plaintiff Ryan Burnett will pursue a claim against his former employer, Ocean Properties, Ltd., and the integrated enterprise/sham entity AmeriPort, LLC. This straightforward failure to accommodate case, which alleges violation of the Americans with Disabilities Act and amendments thereto ("ADA"), 42 U.S.C. § 12101 *et seq.*, as well as violation of the Maine Human Rights Act ("MHRA") 5 M.R.S. § 4551 *et seq.*, will be easily understood by the jury.

## I. PHASE ONE: LIABILITY AND COMPENSATORY DAMAGES

Mr. Burnett is a T-9 paraplegic who has been in a wheelchair since his teenage years. Because Defendants have not stipulated to this fact, Plaintiff will offer evidence at trial to clearly establish that Mr. Burnett suffers from a disability. He cannot stand, walk, move his lower extremities on his own, or engage in certain bodily functions. There is no question that Mr. Burnett is substantially impaired in his ability to seamlessly open and walk through a heavy wooden door like a non-disabled individual.

Plaintiff began working for Defendants' reservation call center in 2009 when it was located in the basement of the Holiday Inn Express & Suites on Sable Oaks Drive in South Portland.  Mr. Burnett's employer at the time, according to Defendants' own personnel records, was Ocean Properties, Ltd (Ocean Properties).  AmeriPort, to the extent it is even a real entity, was simply a division of Ocean Properties that handled reservations for the many properties this "dynamic" hotel company owns.  The very managerial employees responsible for evaluating Mr. Burnett's requests for accommodation did not even work for "AmeriPort."  Instead, these individuals worked for the management/operations/financial center that is another division of Ocean Properties, "Portsmouth Corporate Financial Services, Inc."

From the inception of his employment, Mr. Burnett experienced barriers to accessing his place of employment.  These incidents will not be proffered by Plaintiff as evidence at trial to show conduct in conformity with bad character; nor does Plaintiff seek to introduce evidence of time-barred violations of the ADA.  Instead, the evidence will be introduced to show the frustration that someone in a wheelchair experiences when he cannot access the very building where he works.  This happened not just one time, but *repeatedly*.  In this regard, prior barriers to accessibility will be introduced as part of Mr. Burnett's emotional distress claim.  Plaintiff will also introduce evidence that, on some occasions, Ocean Properties accommodated his requests for better accessibility.  Nonetheless, it is the constant battle to fight for accommodations and elimination of barriers to access that the ADA seeks to eradicate.

Mr. Burnett raised the issue of heavy wooden doors around the time that the new reservation call center was constructed in late 2013.  He received no response.  When Ocean Properties renovated its South Portland Sable Oaks golf clubhouse, the 2010 ADA Standards for Accessible Design required them to have accessible bathrooms, parking, and doors not only for

employees working on the second floor, but for disabled members of the public as well. As a result, it is difficult to imagine how Defendants can successfully argue at trial that a request to make the doors readily accessible to Plaintiff was not "reasonable."

Shortly after he made the second request for accommodation related to the heavy wooden doors, Mr. Burnett suffered a minor injury to his wrist when he struggled to open the door and wheel through it just to get to work. The Court has already ruled on Defendants' Motion *in Limine* that this evidence is probative of the reasonableness of Mr. Burnett's request for accommodation. Even after this injury, Defendants failed to accommodate Plaintiff's disability and instead ignored him. This conduct amounted to not only a failure to accommodate, but also a failure to engage in the interactive process with Mr. Burnett. *See* 29 C.F.R. § 1630.2. 5 M.R.S. § 4553(2)(E). *See also Carnicella v. Mercy Hosp.*, 2017 ME 161, ¶ 18, 168 A.3d 768.

At trial, Mr. Burnett need only prove that his request for accommodation was, "at least, on the face of things, reasonable." *Kvorjak v. Maine*, 259 F.3d 48, 55 (1st Cir. 2001). Contrary to Defendants' anticipated argument, the fact that Defendants later installed automatic doors at the clubhouse is not a "subsequent remedial measure" under F.R. Evid. 407, because this is not a personal injury case.

Instead, the eventual installation of automatic doors shows that Mr. Burnett's request was not just reasonable—his request was feasible, achievable, and has now been achieved. Therefore, the burden at trial will shift to Defendants to prove an undue hardship. *See Reed v. LePage Bakeries, Inc.*, 244 F.3d 254, 258 (1st Cir. 2001) (citing 42 U.S.C. § 12112(b)(5)(A), which "places the burden on the defendant to show that the proposed accommodation would impose an undue hardship"). *See also Calero-Cerezo v. U.S. Dept. of Justice*, 355 F.3d 6, 23-24 (1st Cir. 2004) (finding that "even if the proposed accommodation might in some way have been

less than ideal from the defendants' viewpoint—for reasons not articulated anywhere in the record—a factfinder could well find that the defendants failed to engage in any good faith interactive process to explore whether some variant of the plaintiff's proposal might have been workable").

Regarding damages, Defendants have emphatically argued that Mr. Burnett could not possibly have suffered emotional distress or lost enjoyment of life from a violation of the ADA. The findings and purpose of the statute itself prove otherwise. After hearing from Mr. Burnett and his fiancée directly, the jury will decide how this failure to accommodate affected Plaintiff.

## II.     PHASE TWO: PUNITIVE DAMAGES

If the jury finds in Mr. Burnett's favor and awards him compensatory damages, or even nominal damages, then this trial will proceed with the introduction of further evidence that Ocean Properties is one of the "largest hotel companies in the world." Ocean Properties has myriad resources, including human resources, which should have made this hotel company readily willing and able to meet Mr. Burnett's reasonable request for accommodation.

Given the wide reach of Ocean Properties' "umbrella," which it calls "Ocean Properties Hotels, Resorts & Affiliates," Plaintiff will easily establish that Defendants knew or should have known its obligations under the ADA and the MHRA. Plaintiff will therefore ask the jury to find that Defendants intentionally disregarded their obligations to Mr. Burnett to accommodate his disability, or at the very least they ignored him with reckless inference. Given the large size of this integrated employer, the jury will easily find that Defendants employed more than 500 individuals within the meaning of the statutory caps under both the ADA and the MHRA.

Dated: October 24, 2018					Respectfully submitted,


                */s/ Laura White*_____
                Laura White, Bar #: 4025
                *Attorney for Plaintiff Ryan D. Burnett*
                BERGEN & PARKINSON LLC
                62 Portland Road, Suite 25
                Kennebunk, ME 04043
                (207) 985-7000
                lwhite@bergenparkinson.com


## **CERTIFICATE OF SERVICE**

 I certify that on this 24th day of October, 2018, I electronically filed Plaintiff's Trial Brief with the Court's CM/ECF system, which automatically sends notification to all counsel of record.


Date: October 24, 2018					*/s/ Laura White*_____
                Laura White, Bar #: 4025
                *Attorney for Plaintiff*
                BERGEN & PARKINSON LLC
                62 Portland Road, Suite 25
                Kennebunk, ME 04043
                (207) 985-7000
                *lwhite@bergenparkinson.com*