UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION IN LIMINE TO TAKE JUDICIAL NOTICE AND TO EXCLUDE EVIDENCE OF DEFENDANTS' ADA COMPLIANCE**

The parties to this lawsuit brought under the Americans with Disabilities Act (ADA) have each filed multiple motions in attempt to narrow the evidence admissible at the upcoming trial. In the present motion, the Plaintiff has moved in limine seeking (1) that the Court "take judicial notice of certain property tax and deed records to establish that the Plaintiff's work location was constructed prior to 1991" and (2) that the Court exclude any evidence "to show that Defendants complied with the accessibility requirements of the ADA in this case." *Pl.'s Mot. in Limine to Take Judicial Notice and Exclude Evidence that Defendants Complied with the ADA* at 1 (ECF NO. 111) (*Pl.'s Mot*). The Court declines to take judicial notice and instead leaves the Plaintiff to his proof and, although the Court concludes that the contested email is admissible not for the truth of the matter, the Court defers until trial ruling on whether the email is admissible for its truth.

**I.    THE PLAINTIFF'S REQUEST THAT THE COURT TAKE JUDICIAL NOTICE OF THE DEED AND RELATED EVIDENCE**

Mr. Burnett's first request relates to the Defendants' desire to introduce an email between an HR Representative of the Defendants and Mark Mooney, a contractor for one of their affiliated companies. *Id.* at 1-2. Mr. Burnett asks the Court to take judicial notice of several documents, including a printout from a website for the city of South Portland detailing the City's tax assessment records, which shows that the building at 505 Country Club Road – the Plaintiff's place of employment— was constructed in 1989, *Pl.'s Mot.*, Attach. 1 (ECF No. 111-1) (*Tax Assessment Doc.*), as well as the quitclaim deed transferring ownership to the Defendant's 'affiliated company', Sablegolf, LLC, in 1991. *Pl.'s Mot.*, Attach 2 (ECF No. 111-2) (*Deed*). Mr. Burnett argues this evidence is relevant to whether witness Mark Mooney has direct, personal knowledge of whether the building was ADA compliant at the time it was built, as he claimed in his email. He further argues that Mr. Mooney's email "contending that the doors were ADA accessible 'when the building was built'" should be excluded as inadmissible hearsay. *Id.* at 2.

Ocean Properties Ltd. and Ameriport, LLC (Ocean Properties) oppose the motion. They argue that evidence of the date of construction of the golf clubhouse where Mr. Burnett worked is not relevant to the disputed claim. *Defs.' Resp. to Pl.'s Mot. in Limine to Take Judicial Notice and Exclude Evidence that Defendants Complied with the ADA* at 1 (ECF No. 123) (*Defs.' Resp.*). They further argue that "Plaintiff mischaracterizes Mr. Mooney's testimony and has no foundation for his argument that Mr. Mooney lacks personal knowledge of the fact that the doors were ADA accessible when the building was built." *Id.* at 2. Ocean Properties contends

2

that "Plaintiff . . . chose not to depose Mr. Mooney . . . and cannot now attempt to assume what Mr. Mooney meant by his statement." *Id*. at 2-3. Finally, Ocean Properties argues that the Plaintiff's request should be denied because the documents regarding when the building was built "would be unfairly prejudicial and likely to confuse the jury under FED. R. EVID. 403." *Id*. at 3.

Rule 201(b) of the Federal Rules of Evidence provides that the "court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Matters of public record, such as a deed recorded in a Registry of Deeds, can fall into second branch of Rule 201(b). *See Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995) ("some government documents are subject to judicial notice . . . on the ground that information contained therein is 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned'"); *see also Massachusetts v. Westcott,* 431 U.S. 322, 323 n.2 (1977) (per curiam) (taking judicial notice of fishery licenses included in the records of the Coast Guard's Merchant Vessel Documentation Division).

However, the First Circuit stated in *Lussier* that "[c]ourts have tended to apply Rule 201(b) stringently—and well they might, for accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." 50 F.3d at 1114. While the authenticity of the exhibits in question has not been disputed by Defendants, neither has it been proven. The Court instead will follow "the usual

3

method of establishing adjudicative facts . . . through the introduction of evidence at trial." *Berkowitz v. Berkowitz,* No. CIV.A. 11-10483-DJC, 2012 WL 769726, at *5. (D. Mass. Mar. 9, 2012) (citing *United States v. Bello,* 194 F.3d 18, 23 (1st Cir. 1999)). The Court denies the Plaintiff's motion insofar as it requests the Court to take judicial notice of the date of construction of the golf club.

## II. THE PLAINTIFF'S MOTION TO EXCLUDE ANY EVIDENCE OF THE DEFENDANT'S COMPLIANCE WITH THE ADA

Mr. Burnett also moves to exclude "any evidence introduced by Defendants at trial to show that it complied with the accessibility requirements of the ADA in this case," pursuant to Federal Rules of Evidence 401, 701, 702, and 802. Mr. Burnett contends that "[g]iven this date of construction, Mark Mooney's speculation about ADA accessibility prior to 1991 is simply not relevant to Mr. Burnett's accessibility issues in 2013 and 2014." *Pl.'s Mot.* at 5. Mr. Burnett also argues that testimony by Mr. Mooney about ADA compliance is inadmissible because he has not been designated as an expert. *Id.* at 2. Lastly, Mr. Burnett argues that "any testimony from Defendants that the building was ADA compliant when Mr. Burnett requested accommodations in 2013 and 2014 would be based on hearsay under Rule 801, because Defendants would be introducing such evidence to prove "the truth of the matter asserted." *Id.* at 4.

The Defendants oppose Mr. Burnett's motion to exclude evidence of compliance with the ADA, arguing that the email from Mr. Mooney that they seek to introduce is "relevant because it demonstrates AmeriPort was looking into Plaintiff's request and thus is relevant to show the effect it had on the hearer." *Defs.' Resp.* at 3; *Defs.'*

4

*Resp*, Attach. 1, *Email from Mark Mooney* (ECF No. 123-1) (*Mooney Email*). For the same reason, Defendants contend, the evidence, if determined to be hearsay, is admissible because "it is relevant to the effect on the hearer." *Id.* at 5. In response to the Plaintiff's basis for excluding Mr. Mooney's testimony because he has not been designated an expert in the matter, the Defendants contend that "it is well established that basic measurements that form the foundation of ADA compliance are not the type of information for which an expert is required." *Id.* (*citing Moore v. Harris,* 2015 WL 13326238, *4 (S.D. Cal. May 22, 2015)). The Defendants highlight that "it would be prejudicial for Plaintiff to claim the doors were not handicapped accessible while precluding Defendants from putting on evidence that they were, in fact, handicapped accessible." *Defs.' Resp*. at 5.

The Plaintiff's first argument, that the testimony of Mr. Mooney should be excluded as irrelevant, is unconvincing. Whether the doors were ADA compliant is, as the Defendants state, "directly relevant to Ameriport's actions in response" to Mr. Burnett's request for accommodation. *Id*. at 3.

For the same reason, Mr. Burnett's argument that the email exchange is inadmissible hearsay fails. As the Court understands it, Mr. Mooney's email was a response to a contemporaneous inquiry from Lori Darsaoui at Ocean Properties inquiring about whether the doors were ADA compliant. The Court assumes, given the date of the email, that Ms. Darsaoui's September 10, 2014 email was in response to Mr. Burnett's August 28, 2014 request for automatic or push-button access to his workplace. As long as the email is being offered to show the Defendants' response to

Mr. Burnett's request, and that the doors were in fact ADA compliant when built, it is not being offered as proof of the truth of the matter, and is therefore not inadmissible hearsay.

The email string may be admissible as a regularly recorded activity. FED. R. EVID. 803(6). Admissibility under this Rule, however, would be subject to a Rule 803(6)(E) objection if Mr. Burnett can show "that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." FED. R. EVID. 803(6)(E). In other words, if Mr. Burnett can demonstrate that Mr. Mooney did not have personal knowledge or an adequate foundation for his statement, the email could be excluded to the extent that it is being introduced for its truth.

Mr. Burnett also argues that Mr. Mooney's email and testimony at trial are inadmissible under rule 701 and 702 because he is not an expert witness. Rule 701 states:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact at issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of 702.

In contrast, Rule 702 governs witnesses who are "qualified as an expert by knowledge, skill, experience, training, or education." FED. R. EVID. 702. The Advisory Committee notes explain:

> The fields of knowledge which may be drawn upon are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized knowledge . . . Thus, within the scope of the rule are not only experts in the strictest sense of the word, but to . . . 'skilled' witnesses, such as bankers or landowners testifying to land values.

Mr. Mooney's email does not provide insight into his conclusion that the doors were ADA compliant when the building was constructed. *See Mooney Email.* The basis for Mr. Mooney's statement is not part of the record. Thus, it is not clear whether this conclusion was based on specialized knowledge, on basic measurements that could be offered by a layman, or whether he looked up a record from the time of construction. The line between a fact witness, which is how both the Plaintiff and the Defendants have denominated Mr. Mooney, *see Pl.'s Witness List for Trial* at 4 (ECF No. 144), *Defs.' Trial Witness List* at 1 (ECF No. 146), and an expert witness is sometimes thin.

As the Rules of Evidence advisory committee noted, "[i]n certain fields, experience is the predominant, if not sole, basis for a great deal of reliable expert testimony." FED. R. EVID. 702, advisory committee's note to 2000 amendments; *United States v. Martinez-Armestica*, 846 F.3d 436, 444-45 (1st Cir. 2017). Mr. Mooney may or may not possess the practical knowledge to qualify him as an expert under Rule 702 for purposes of ADA compliance issues. But based on the record before it, the Court is unable to rule on the admissibility of Mr. Mooney's statement as an expert because there is no information as to his qualifications or the foundation for his statement.

The Court anticipates that the parties may wish to present Mr. Mooney's testimony outside the presence of the jury so that the Court may rule on the nature and scope of his permissible testimony.

The Court therefore DENIES in part and DISMISSES in part Plaintiff's Motion in Limine to Take Judicial Notice and to Exclude Evidence that Defendants Complied with the ADA (ECF No. 111).

SO ORDERED.

        /s/ John A. Woodcock, Jr.
        JOHN A. WOODCOCK, JR.
        UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2018