UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| RYAN D. BURNETT, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| OCEAN PROPERTIES, LTD. and AMERIPORT, LLC, | ) | |
| Defendants. | ) | |

# ORDER ON MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ATTENDANCE ISSUES

With a jury selected and trial approaching, Plaintiff Ryan Burnett and Defendant Ocean Properties Ltd. and AmeriPort, LLC (Ocean Properties) have each filed multiple motions in limine, seeking to narrow the scope of evidence admissible at this Americans with Disabilities Act trial. Mr. Burnett's motion seeks the exclusion of evidence at trial "concerning Plaintiff's tardiness or absenteeism at work." *Pl.'s Mot. in Limine to Exclude Evidence of Attendance Issues*, ECF No. 112 (*Pl.'s Mot*). Ocean Properties filed a response opposing the motion. *Defs.' Resp. in Opp. of Mot. in Limine to Exclude Evidence of Attendance Issues* (ECF No. 122) (*Defs.' Opp'n*).

This motion is closely tied to another motion in limine filed by the Defendants, which seeks to exclude any evidence of claims dismissed on summary judgment, including a claim of retaliation. *Mot. in Limine Regarding Dismissed Claims* (ECF No. 107). In his response, Mr. Burnett agreed with the Defendants that evidence of

retaliation by Ocean Properties should not be presented to the jury because the claim has been dismissed. *Pl.'s Resp. to Defs.' Mot. in Limine Regarding Dismissed Claims* at 2 (ECF No. 115). The agreement of the parties was noted by the Court in its order on the motion. *Order on Mot. in Limine to Exclude Dismissed Claims* at 2 (ECF No. 134) ("Mr. Burnett agrees that the third category of evidence sought to be excluded by the Defendants—evidence of retaliation by Ocean Properties—should not be presented to the jury because the claim has been dismissed").

Now Mr. Burnett seeks to exclude any evidence of his tardiness or absenteeism at work, arguing that it would be "unduly prejudicial to allow Defendants to make an issue of Plaintiff's attendance when [the claim of retaliation] is no longer part of the case", and inadmissible under Federal Rule of Evidence 403. *Pl.'s Mot*. at 1. Mr. Burnett further argues that "[o]rdinarily, evidence of poor attendance . . . is used by an employer to explain the adverse action taken, but here the Court has foreclosed that possibility." *Id.* at 3. Therefore, any evidence about poor attendance that Defendants seek to introduce on cross-examination of Plaintiff would come in solely for the purposes of attacking his character, in violation of Federal Rule of Evidence 404(b). *Id.*

In response, the Defendants argue that because Mr. Burnett indicated he wishes to include dismissed claims as relevant background information in his response to the Defendants' motion to exclude dismissed claims, "Defendants must necessarily oppose Plaintiff's motion . . . to exclude the attendance records." *Defs.' Opp'n* at 1.

The Court disagrees with the Defendants' characterization of Mr. Burnett's position.  Mr. Burnett stated in his prior response that evidence regarding the retaliation claim should not be brought up at trial because it was dismissed. *Pl.'s Resp. to Defs.' Mot. in Limine Regarding Dismissed Claims* at 2.  The parties have agreed that the retaliation claim will not be raised at trial.  Furthermore, evidence of Mr. Burnett's attendance record would likely be irrelevant to the remaining claim of failure to accommodate, and, as stated by Mr. Burnett, "would come in solely for the purposes of attacking his character, in violation of Fed. R. Evid. 404(b)." *Pl.'s Mot.* at 3.  Thus, the Court concludes that if no evidence of the retaliation claim is brought up at trial, evidence of Mr. Burnett's attendance record is not admissible.

The Court is issuing this order based on the parties' prediction of the trial evidence.  If the trial evidence justifies the admission of attendance records, the Defendants are free to ask the Court to revisit this order.

The Court therefore GRANTS Plaintiff's Motion in Limine to Exclude Evidence of Attendance Issues (ECF No. 112).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 26th day of October, 2018