UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN D. BURNETT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-00359-JAW |
| | ) | |
| OCEAN PROPERTIES, LTD. | ) | |
| and AMERIPORT, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO TAKE JUDICIAL NOTICE OF THE AMERICANS WITH DISABILITIES ACT REGULATIONS GOVERNING DOOR OPENING PRESSURE AND DOOR CLOSURE SPEED**

Two days before trial, Ocean Properties Ltd. and AmeriPort, LLC moved the court to take judicial notice of two provisions of the Americans with Disabilities Act governing door opening pressure and door closure speed. *Defs.' Mot. to Take Judicial Notice of the Americans with Disabilities Act Regulations Governing Door Opening Pressure and Door Closure Speed* (ECF No. 162) (*Defs.' Mot.*). Specifically, the Defendants ask that Sections 404.2.9 and 404.2.8.1 of the 2010 ADA Standards for Accessible Design be judicially noticed,[1] arguing that the regulations "can be

---

[1] Section 404.2.9, which governs door and gate opening force, provides:

> Fire doors shall have a minimum opening force allowable by the appropriate administrative authority. The force for pushing or pulling open a door or gate other than fire doors shall be as follows:
> Interior hinged doors and gates: 5 pounds (22.2 N) maximum.
> Sliding or folding doors: 5 pounds (22.2 N) maximum.
> These forces do not apply to the force required to retract latch bolts or disengage other devices that hold the door or gate in a closed position.

U.S. Department of Justice, 2010 ADA Standards For Accessible Design (2010), at § 404.2.9.

accurately and readily determined from sources whose accuracy cannot reasonably be questioned," and may be judicially noticed by the Court pursuant to Federal Rule of Evidence 201. *Defs.' Mot.* at 2. In support of their position, the Defendants cite *Hinton v. Outboard Marine Corp.*, 2012 U.S. Dist. LEXIS 6691, at *4 (D. Me. Jan. 20, 2012). Mr. Burnett has not yet responded to the motion.

Rule 201 provides in part:

> (b) ***Kinds of Facts That May Be Judicially Noticed.*** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction;
>
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.
>
> (c) ***Taking Notice.*** The court:
>
> (1) may take judicial notice on its own; or
>
> (2) must take judicial notice if a party requests it and the court is supplied with the necessary information.

FED. R. EVID. 201. The Advisory Committee noted that "[t]he usual method of establishing adjudicative facts is through the introduction of evidence, ordinarily consisting of the testimony of witnesses." FED. R. EVID. 201 advisory committee's note (1972). Similarly, the First Circuit cautioned that "[c]ourts have tended to apply Rule

---

Section 404.2.8, which governs door closers and gate closers, provides: "[d]oor closers and gate closers shall be adjusted so that from an open position of 90 degrees, the time required to move the door to a position of 12 degrees from the latch is 5 seconds minimum." U.S. Department of Justice, 2010 ADA Standards For Accessible Design (2010), at § 404.2.8.1.

201(b) stringently—and well they might, for accepting disputed evidence not tested in the crucible of trial is a sharp departure from standard practice." *Lussier v. Runyon*, 50 F.3d 1103, 1114 (1st Cir. 1995). However, federal regulations such as those at issue "may properly fit within the narrow confines of Rule 201." *Outboard Marine Corp.*, 2012 WL 174934, at *2 (citing *N. Heel Corp. v. Compo Indus., Inc.*, 851 F.2d 456, 468 (1st Cir. 1988) (holding that the trial court properly took judicial notice of OSHA regulations)).

The Court GRANTS the Defendant's request that the Court take Judicial Notice of the Americans with Disabilities Act Regulations Governing Door Opening Pressure and Door Closure Speed (ECF. No. 162). However, it does so tentatively. The Defendants filed the motion so late that the Court has not heard from the Plaintiff and does not know his position. Furthermore, the Court does not know how this regulation fits within the evidence that the parties intend to present and, more specifically, whether the regulation fits within other evidence the parties intend to present at trial. The Court's ruling is limited to the conclusion that these regulatory provisions fit within the scope of Rule 201 for the type of evidence a court may judicially notice.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 29th day of October, 2018